UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EASTMAN KODAK COMPANY,

            Plaintiff,

                            **04-CV-6095T**

      v.                           **ORDER**

SONY CORPORATION, et al.,

           Defendants.
_____

SONY CORPORATION, et al.,

           Plaintiffs,

                            **04-CV-6547T**

      v.

EASTMAN KODAK COMPANY,

           Defendants
_____

    By Order dated June 9, 2005, I appointed attorney Joseph W. Berenato, III as a Special Master in these cases. On July 7, 2006, Special Master Berenato issued a Report and Recommendation recommending, <u>inter</u> <u>alia</u>, that Sony's motion to compel Kodak to more specifically correlate information produced electronically via a computer server, CD-Roms and DVDs, to Sony's document requests be denied. Sony objects to the Special Master's Report and asks that the court either direct Kodak to produce the documents in the form requested by Sony, or, in the alternative to produce documents in the form requested for certain of the more narrow document requests. Sony contends that if the Special Master's Report and Recommendation is allowed to stand, it will be deprived of due process because it will be virtually impossible to find relevant

documents that have been "hidden" in the electronic equivalent of approximately 300 million pages of produced documents.

Having reviewed the record before Special Master Berenato <u>de novo</u>, I affirm and adopt his Report and Recommendation, and deny Sony's motion to compel. As Special Master Berenato stated in his Report, Kodak produced the requested documents in the manner in which they were kept by Kodak. <u>See</u> July 7, 2006 Report and Recommendation at p. 4. There is no evidence in the record to contradict this conclusion. Accordingly, I find that Kodak's document production complies with Rule 34(b) of the Federal Rules of Civil Procedure.

Sony objects that Kodak should not be allowed to produce its documents as kept in the normal course of business because there is insufficient indexing of the documents to permit reasonable discovery of relevant documents, and therefore Kodak has impermissibly shifted the burden of discovery from Kodak to Sony. I find this argument unpersuasive for two reasons. First, the Special Master himself actually used the disputed server to conduct searches for information, and found that the information "seemed to be arranged in a useable manner." <u>See</u> Report and Recommendation at p. 5. Second, Kodak has represented that it has no better way of accessing and organizing the information contained on the server than does Sony. Because the information produced is responsive to Sony's document requests; has been produced in the form in which it was kept; has been produced in an accessible form; and because Kodak is in no better position to correlate the information to

Sony's requests than is Sony, I deny Sony's motion to compel. While the court is aware of the substantial amount of time and effort it will take to sort through the information produced, as Sony has acknowledged, "[b]illions of dollars of sales are at issue" in this case, and therefore, it is to be expected that discovery will involve substantial time, effort, and expense.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         July 19, 2006